UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL LANNING,

    Plaintiff,

v.

                                  Case No. 1:20-cv-1192

DAVID HUYGE,                    Hon. Hala Y. Jarbou

    Defendant.
_____/

## ORDER

This is a civil rights action by a prisoner proceeding *pro se*. Plaintiff and Defendant have each filed a motion for summary judgment. The magistrate judge issued a Report and Recommendation (R&R, ECF No. 36) recommending that the Court deny Plaintiff's motion and grant Defendant's motion. Before the Court are Plaintiff's objections to the R&R (ECF No. 38). For the reasons herein, the Court will deny the objections and adopt the R&R.

### I. Standard

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court must conduct *de novo* review of those portions of the R&R to which objections have been made. Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

## II. Objections

The R&R recommends granting Defendant's motion and denying Plaintiff's motion because there is no dispute that Defendant provided Plaintiff with some medical treatment and Plaintiff failed to provide any evidence supporting his claim that Defendant was deliberately indifferent to Plaintiff's serious medical needs. (*See* R&R 6-7.)

The magistrate judge noted that Plaintiff filed an unauthorized sur-reply in opposition to Defendant's motion, and an unauthorized supplement to his response to Defendant's motion. (*See* ECF Nos. 34, 35.) But because these documents were improperly filed, the magistrate judge did not consider them. (R&R 7 n.1.) Plaintiff objects to the magistrate judge's failure to consider these documents, but the Court discerns no error in that decision. The magistrate judge followed the Court's local rules regarding the filing of supplemental briefing. Plaintiff did not seek leave to file those supplements.

Moreover, even if the magistrate judge had considered those additional filings, the result would be the same. Plaintiff's supplemental filings provide no additional evidence to support his claim.

After the magistrate judge issued the R&R, Plaintiff filed another supplement. (*See* ECF No. 37.) That supplement is not properly before the Court because Plaintiff did not present it to the magistrate judge for consideration before the magistrate judge ruled on the motions for summary judgment. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[A] absent compelling reasons, [the Magistrate Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.").

Moreover, the supplement is not helpful for Plaintiff. It contains prison medical kites prepared by Plaintiff in December 2021, long after he filed this action, and after the parties filed their motions for summary judgment. (*See* ECF No. 37-1.) Those kites are not relevant to Plaintiff's claim regarding inadequate care in 2020.

Plaintiff also complains that he could not present evidence because his medical records are "unattainable." (*See* Pl.'s Objs., ECF No. 38, PageID.263.) However, Plaintiff should have raised that issue to the magistrate judge when responding to Defendant's motion for summary judgment. And in any case, medical records were not necessary for Plaintiff to provide evidence in support of his claim. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections (ECF No. 38) are **DENIED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 36) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (ECF No. 26) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 23) is **GRANTED**.

A judgment will enter consistent with this Order.

Dated:  January 26, 2022            /s/ Hala Y. Jarbou
                                                         HALA Y. JARBOU
                                                         UNITED STATES DISTRICT JUDGE